United States District Court
Southern District of Texas
**ENTERED**
July 24, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT EDGAR, Individually and on behalf of all others similarly situated, | § § § § § | |
| Plaintiff, | | |
| VS. | § § § § § § § | CIVIL ACTION NO. 17-1372 |
| ANADARKO PETROLEUM CORPORATION, *et al.*, | | |
| Defendants. | | |

**MEMORANDUM AND ORDER
APPOINTING LEAD PLAINTIFF
AND APPROVING LEAD COUNSEL**

The putative class members in this federal securities action bought stock in Houston-based Anadarko Petroleum Corporation. They allege that on February 17, 2016 and May 2, 2017, Anadarko misrepresented its safety compliance policies. When a gas-leak explosion allegedly exposed the facts about Anadarko's safety and operational compliance, the stock price declined. The plaintiff shareholders seek damages for that decline. (Docket Entry No. 1).

There are three pending motions for appointment as lead plaintiff and approval of class counsel. The court grants the motion filed by the Iron Workers Benefit and Pension Fund—Iron Workers District Counsel Philadelphia & Vicinity to be appointed as lead plaintiff and to have the Rosen Law Firm approved as lead counsel and Steckler Gresham Cochran PLLC as liaison counsel for the class. (Docket Entry No. 11). The other motions for appointment as lead plaintiff are denied as moot.[1] (Docket Entry Nos. 9, 14). The reasons are set out below.

---

[1] Movants Semir Ghamar and Vikram Sheth filed a notice of non-opposition to appointment of the Iron Workers Benefit and Pension Fund as lead plaintiff. (Docket Entry No. 20). This court has an

**I.**     **The Standard for Determining "the Most Adequate Plaintiff" Under the PSLRA**

Under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), Pub. L. No. 104-67, 109 Stat. 737, the district court must appoint the lead plaintiff "[a]s soon as practicable." 15 U.S.C. § 78u-4(a)(3)(B)(ii). The PSLRA requires notice within 20 days after the plaintiff files a complaint that informs class members of their right to move for lead-plaintiff status within 60 days after the notice is published. 15 U.S.C. § 78u-4(a)(3)(A)(i). The parties do not dispute the adequacy of the notice here.

In appointing the lead plaintiff,

> the court shall consider any motion made by a purported class member . . . , including any motion by a class member who is not individually named as a plaintiff in the complaint or complaints, and shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members (hereafter in this paragraph referred to as the "most adequate plaintiff") in accordance with this subparagraph.

Id. at § 78u-4(a)(3)(B)(i). "[T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that":

> (aa)   has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);
>
> (bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.
> . . .
>
> [This presumption] may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff

---

independent duty to ensure that the statutory and rule requirements are met. *See* FED. R. CIV. P. 23(g).

      (aa)    will not fairly and adequately protect the interests of the class; or

      (bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

*Id.* § 78u-4(a)(3)(B)(iii)(I)–(II). Discovery on this issue may be conducted only if "the plaintiff first demonstrates a reasonable basis for a finding that the presumptively most adequate plaintiff is incapable of adequately representing the class." *Id.* § 78u-4(a)(3)(B)(iv). The most adequate plaintiff "shall, subject to the approval of the court, select and retain counsel to represent the class." *Id.* § 78u-4(a)(3)(B)(v).

## II.    Which of the Plaintiffs Is Presumed "the Most Adequate"?

For the presumption to apply, "the lead plaintiff or plaintiffs must possess not only the largest financial interest in the outcome of the litigation, but must also meet the requirements of Federal Rule of Civil Procedure 23." *In re Waste Management, Inc. Sec. Litigation*, 128 F. Supp. 2d 401, 411 (S.D. Tex. 2000). The requirements are examined below.

### A.    The Largest Financial Interest

Courts in this district consider four factors to determine who has the largest financial interest. The factors are "(1) the number of shares purchased, (2) the number of net shares purchased, (3) the total net funds expended by the plaintiff(s) during the class period, and (4) the approximate losses suffered by the plaintiff(s)." *In re Waste Management*, 128 F. Supp. 2d at 414 (citing *Lax v. First Merchants Acceptance Corp.*, No. 97-c-2715, 1997 WL 461036 (N.D. Ill. Aug. 11, 1997)). The Iron Workers Benefit and Pension Fund has the largest financial interest in the relief the putative class

seeks. The Fund purchased the largest number of total and net shares, spent the largest amount of total net funds, and suffered the largest loss.[2] (Docket Entry Nos. 12, 13-3).

### B. Does the Iron Workers Benefit and Pension Fund Otherwise Satisfy the Requirements of Rule 23?

Because the Iron Workers Benefit and Pension Fund has the largest financial interest, it is presumptively entitled to lead-plaintiff status unless it fails to meet the requirements of Federal Rule of Civil Procedure 23.

Rule 23(a) requires that:

(1)   the class is so numerous that joinder of all members is impracticable;

(2)   there are questions of law or fact common to the class;

(3)   the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4)   the representative parties will fairly and adequately protect the interests of the class.

FED. R. CIV. P. 23. The most relevant requirements under the PSLRA are adequacy and typicality. *Enron*, 206 F.R.D. at 441. "Although the inquiry at this stage of the litigation in selecting the Lead Plaintiff is not as searching as the one triggered by a subsequent motion for class certification, the proposed Lead Plaintiff must make at least a preliminary showing that it has claims that are typical of those of the putative class and has the capacity to provide adequate representation for those class members." *Id.*

---

[2] The record shows that during the class period the Iron Workers Benefit and Pension fund purchased 35, 075 shares, sold 8,350 shares, and had $486,053.75 in losses. (Docket Entry Nos. 12, 13-3). The other corporate movant, the Employees' Retirement System of the State of Rhode Island, purchased 22,119 shares, sold 6,719 shares, and suffered losses of $177,040. (Docket Entry Nos. 9, 10-3). The individual-investor movants, Semir Ghamar and Vikram Sheth, purchased 8,000 shares, sold all 8,000, and suffered losses of $74,621. (Docket Entry Nos. 14-1, 14-6).

"The typicality requirement focuses less on the relative strengths of the named and unnamed plaintiffs' cases than on the similarity of the legal and remedial theories behind their claims." *Bertulli v. Indep. Ass'n of Cont'l Pilots*, 242 F.3d 290, 297 n.32 (5th Cir. 2001) (quoting *Jenkins v. Raymark Indus., Inc.*, 782 F.2d 468, 472 (5th Cir. 1986)) (internal quotation marks omitted).  The class representative's claims must "have the same essential characteristics of those of the putative class." *James v. City of Dallas*, 254 F.3d 551, 571 (5th Cir. 2001), abrogated on other grounds by *M.D. ex rel. Stukenberg v. Perry*, 675 F.3d 832, 839–41 (5th Cir. 2012).

"The adequacy requirement mandates an inquiry into the zeal and competence of the representatives' counsel and the willingness and ability of the representatives to take an active role in and control the litigation and to protect the interests of absentees." *Berger v. Compaq Computer Corp.*, 257 F.3d 475, 479 (5th Cir. 2001) (alterations omitted) (quotation marks omitted).  It also "serves to uncover conflicts of interest between named parties and the class they seek to represent." *In re Deepwater Horizon*, 785 F.3d 1003, 1015 (5th Cir. 2015) (quotation marks omitted).

"The typicality and adequacy inquiries are related in this context, as a party's lack of the same essential characteristics of those of the putative class may result in conflicts between the named plaintiffs' interests and the class members' interests." *In re BP Sec. Litigation*, 758 F. Supp. 2d 428, 437 (S.D. Tex. 2010) (citations omitted) (quotation marks omitted).  "For example, if such a party were appointed lead plaintiff, there would be potential conflicts between the party and the other class members in drafting the consolidated complaint, in defending a motion to dismiss, and in conducting discovery—the party would have an interest in pursuing its specific claims to the potential exclusion of other class members' claims." *Id.*

The Iron Workers Benefit and Pension Fund lost money on the Anadarko securities it bought during the class period. Its legal and remedial theories have the same essential characteristics as the class claims. This is sufficient for typicality.

### III.     Has the Presumption Been Rebutted?

No evidence has been submitted rebutting the presumption that the Iron Workers Benefit and Pension Fund is the most adequate plaintiff to represent the putative class of shareholders. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). The court finds that the Iron Workers Benefit and Pension Fund is the most adequate plaintiffs under the PSLRA.

### IV.     Approval of Lead Counsel

The most adequate plaintiff "shall, subject to the approval of the court, select and retain counsel to represent the class." *Id.* § 78u-4(a)(3)(B)(v). The court should not disturb the lead plaintiff's choice of counsel unless that is necessary to "protect the interests of the [plaintiff] class." *Enron*, 206 F.R.D. at 441 (quotation marks omitted). "The adequacy of the putative class representative(s) and of plaintiffs' counsel should not be presumed, however, even in the absence of proof to the contrary; plaintiff bears the burden of demonstrating his and his counsel's adequacy." *Id.*

The Rosen Law Firm and Steckler Gresham Cochran meet the requirements for lead counsel and liaison counsel. The Rosen Law Firm and Steckler Gresham Cochran submitted resumes. (Docket Entry Nos. 13-4, 13-5). The Rosen Law Firm has extensive experience in securities class actions, and Steckler Gresham Cochran has extensive experience serving as liaison counsel. The record shows no basis to infer that the Rosen Law Firm and Steckler Gresham Cochran will not

adequately represent the putative class.  The Iron Workers Benefit and Pension Fund's choice of counsel is approved.

**V.  Conclusion**

The court grants  the Iron Workers Benefit and Pension Fund's motion for appointment of lead plaintiff and approves the Rosen Law Firm as lead counsel and R. Dean Gresham as liaison counsel.  (Docket Entry No. 11).  The other motions for appointment as lead plaintiff are denied as moot.  (Docket Entry Nos. 9, 14).  The parties' stipulated scheduling order is also denied.  (Docket Entry No. 17).  The parties will confer with each other and with the court and a scheduling order will be reviewed and entered at the initial conference set for **August 25, 2017**.

SIGNED on July 24, 2017, at Houston, Texas.

                                        Lee H. Rosenthal
                                        Chief United States District Judge