# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Courts
Southern District of Texas
FILED
*January 07, 2020*
David J. Bradley, Clerk of Court

No. 19-20244
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
December 16, 2019
Lyle W. Cayce
Clerk

IRON WORKERS BENEFIT AND PENSION FUND – IRON WORKERS DISTRICT COUNCIL PHILADELPHIA & VICINITY, individually and on behalf of all other persons similarly situated,

        Plaintiff-Appellant,

v.

ANADARKO PETROLEUM CORPORATION; R. A. WALKER; DAVID J. MCBRIDE; JOHN M. CHRISTIANSEN,

        Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CV-1372

Before CLEMENT, ELROD, and OLDHAM, Circuit Judges.

PER CURIAM:*

    The Iron Workers Benefit and Pension Fund – Iron Workers District Council Philadelphia & Vicinity ("Pension Fund") appeals from the district court's order dismissing its claims under Federal Rule of Civil Procedure

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

12(b)(6) for failure to state a claim. The Pension Fund's second amended complaint alleges that the individual defendants and Anadarko Petroleum Corporation ("Anadarko") made misrepresentations in violation of §§ 10(b) and 20(a) of the Securities Exchange Act and Rule 10b–5. The district court dismissed the claims against the individual defendants because the complaint failed to adequately allege scienter. *See Ind. Elec. Workers' Pension Tr. Fund IBEW v. Shaw Grp., Inc.*, 537 F.3d 527, 533 (5th Cir. 2008). And it dismissed the claim against Anadarko because a "defendant corporation is deemed to have the requisite scienter for fraud only if the individual corporate officer making the statement has the requisite level of scienter." *Southland Sec. Corp. v. INSpire Ins. Sols., Inc.*, 365 F.3d 353, 366 (5th Cir. 2004).

We review a district court's grant of a motion to dismiss *de novo*. *See Whitley v. BP, P.L.C.*, 838 F.3d 523, 526 (5th Cir. 2016). To withstand a Rule 12(b)(6) motion, a complaint must allege "more than labels and conclusions," as "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It must instead state a "plausible claim for relief," rather than facts "merely consistent with" liability. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) (quoting *Twombly*, 550 U.S. at 557).

"Where, as here, the complaint involves an allegation of fraud, Federal Rule of Civil Procedure 9(b) imposes a higher standard on the complainant, requiring that he plead with 'particularity the circumstances constituting fraud.'" *Local 731 I.B. of T. Excavators & Pavers Pension Tr. Fund v. Diodes, Inc.*, 810 F.3d 951, 956 (5th Cir. 2016) (quoting FED. R. CIV. P. 9(b)). Furthermore, the Private Securities Litigation Reform Act "has raised the pleading bar even higher and enhances Rule 9(b)'s particularity requirement for pleading fraud in two ways." *Id.* (citing *Shaw Grp.*, 537 F.3d at 533). "First, the plaintiff must 'specify each statement alleged to have been misleading, and

No. 19-20244

the reason or reasons why the statement is misleading.'" *Id.* (quoting *Shaw Grp.*, 537 F.3d at 533). Second, "for 'each act or omission alleged' to be false or misleading, plaintiffs must 'state with particularity facts giving rise to a strong inference that the defendant acted with the requisite state of mind.'" *Id.* (quoting *Shaw Grp.*, 537 F.3d at 533).

The Pension Fund first alleges a misrepresentation by John M. Christiansen, Anadarko's Vice President for Corporate Communications, relating to a factsheet posted to Anadarko's website on February 8, 2016. The factsheet states that Anadarko's operations center in Wattenberg, Colorado, "[p]rovides real-time remote-monitoring capabilities for 6,800+ wells" and "[e]nables employees to shut-in wells remotely." According to the second amended complaint, this statement was false because "Anadarko could not remotely monitor or deactivate about 800 of its 6,800 wells." But these allegations do not give rise to a strong inference that he had "intent to deceive, manipulate, or defraud" or acted with "severe recklessness" when he authorized the factsheet to be posted to Anadarko's website. *Shaw Grp.*, 537 F.3d at 533 (quoting *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 866 (5th Cir. 2003)). The allegations are merely consistent with liability and "do not permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679.

The Pension Fund next alleges that R. A. Walker, Anadarko's Chief Executive Officer, and David J. McBride, Anadarko's Vice President for Health, Safety, and Environment, falsely stated that Anadarko was in compliance with applicable laws and regulations. The second amended complaint alleges that these statements were false because Anadarko was in violation of several rules of the Colorado Oil and Gas Conservation Commission.

No. 19-20244

But once again, the Pension Fund inadequately alleged scienter. The Pension Fund alleges information was presented to Walker and McBride that could have led them to conclude that Anadarko's Colorado operations weren't in compliance with Commission rules. And it points to the existence of a remediation budget as another reason they should've concluded that Anadarko wasn't in compliance. But these allegations do not create a strong inference that at the time the allegedly false statements were made, Walker and McBride were aware that Anadarko was, as a matter of law, in violation of Commission rules. Nor do the allegations create a strong inference of "severe recklessness," which caselaw narrowly defines as "limited to those highly unreasonable omissions or misrepresentations" that "present a danger of misleading buyers or sellers which is either known to the defendant or is so obvious that the defendant must have been aware of it." *Shaw Grp.*, 537 F.3d at 533 (quoting *Rosenzweig*, 332 F.3d at 866). The district court was correct to dismiss the claims against Walker and McBride.

Because the second amended complaint fails to state a claim against any of the individual defendants, it also fails to state a claim against Anadarko. *See Southland*, 365 F.3d at 366. Similarly, the § 20(a) claim against Walker fails because control-person liability "is secondary only and cannot exist in the absence of a primary violation." *See id.* at 383.

\* \* \*

The district court's judgment is AFFIRMED.